IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID & TAYLOR CUSTOM POOLS,       §
INC. and JAMES MASON,              §
                                   §
          Plaintiffs,              §
                                   §
v.                                 §     CIVIL ACTION NO. H-05-3810
                                   §
JAMES PERNEL DAVIS, SOLOMON        §
HERRERA, and ADVANCED CONCRETE     §
DESIGNS, INC.,                     §
                                   §
          Defendants.              §


**MEMORANDUM OPINION AND ORDER OF REMAND**


Plaintiffs, David & Taylor Custom Pools, Inc. and James Mason, originally filed this action in the 221st Judicial District Court of Montgomery County, Texas (Civil Action No. 04-10-08177), asserting claims for slander, tortious interference with contract, breach of contract, assault, and fraud against defendants James Pernel Davis, Solomon Herrera, and Advanced Concrete Designs, Inc.[1]  In August of 2005 defendants filed Defendants' Original Answer in which they asserted counterclaims for sworn account, fraud, and negligent misrepresentation under state law, and for race discrimination under 42 U.S.C. § 1981.[2]  On November 9, 2005,

---

[1]See Plaintiffs' Original Petition attached to Defendants' Notice of Removal, Docket Entry No. 1, p. 3 ¶ 5.1.

[2]See Defendants' Original Answer attached to Defendants' Notice of Removal, Docket Entry No. 1, second and third unnumbered pages.

defendants filed their Notice of Removal (Docket Entry No. 1).  For the reasons stated below, the court concludes that this action should be remanded to state court for lack of subject matter jurisdiction.

## I.  <u>Standard of Review</u>

Article III § 2 of the United States Constitution grants federal courts jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority. . . ."  This Constitutional mandate is supplemented by 28 U.S.C. § 1331, which recognizes federal question jurisdiction only in suits "arising under" the Constitution or laws of the United States.  For this purpose "[a] suit arises under the law that creates the cause of action."  <u>See</u> <u>Lowe v. Ingalls Shipbuilding, a Division of Litton Systems, Inc.</u>, 723 F.2d 1173, 1178 (5th Cir. 1984) (quoting <u>American Well Works Company v. Layne & Bowler Co.</u>, 36 S.Ct. 585, 586 (1916), and <u>Superior Oil Co. v. Pioneer Corp.</u>, 706 F.2d 603, 605 (5th Cir. 1983), <u>cert. denied</u>, 104 S.Ct. 706 (1984)).  "Moreover, what 'determines jurisdiction' is the 'nature of the claim' asserted, and 'not the possible defenses to that claim.'"  <u>Id.</u> (quoting <u>Cox v. International Union of Operating Engineers</u>, 672 F.2d 421, 422 (5th Cir. 1982) (federal question jurisdiction is not satisfied merely because "the dispute

is in some way connected with a federal matter")).   In general, defendants may remove a civil action if a federal court would have had original jurisdiction.  See De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), cert. denied, 116 S.Ct. 180 (1995).  See also Epps v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1, 665 F.2d 594, 595 (5th Cir. 1982) ("In order for a case to come within the ambit of federal question jurisdiction, the federal issue must appear on the face of the complaint, . . . and must involve a claim founded directly on federal law.").

    In this case plaintiffs' complaint only alleges state-law claims and contains no claim arising under the Constitution, a treaty, or a statute of the United States.  Nevertheless, defend-ants removed the action on the basis of federal question jurisdiction by asserting that removal is proper pursuant to 28 U.S.C. § 1443 and 42 U.S.C. § 1981.  Since federal courts are courts of limited jurisdiction, it is incumbent upon a district court to determine jurisdiction in every case.  See Ziegler v. Champion Mortgage Co., 913 F.2d 228, 230 (5th Cir. 1990).  As the removing party, the defendants bear the burden of establishing the existence of federal jurisdiction.  See De Aguilar, 47 F.3d at 1408 ("The removing party bears the burden of establishing that federal jurisdiction exists").  Accordingly, the court must examine whether Defendants' Notice of Removal establishes the existence of federal jurisdiction.

## II.  Civil Rights Removal Statute

Defendants removed the case on the basis of federal question jurisdiction by asserting that removal is proper pursuant to 28 U.S.C. § 1443 and 42 U.S.C. § 1981.  In pertinent part, 28 U.S.C. § 1443 provides that

> Any civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. . .

The Supreme Court has construed 28 U.S.C. § 1443(1) in three cases. See State of Georgia v. Rachel, 86 S.Ct. 1783 (1966); City of Greenwood, Mississippi v. Peacock, 86 S.Ct. 1800 (1966); Johnson v. Mississippi, 95 S.Ct. 1591 (1975).

In Rachel, 86 S.Ct. at 1783, twenty African-American individuals were prosecuted in state court for criminal trespass violations resulting from their attempts to obtain service at a privately-owned restaurant in Atlanta.  Since federal law required such a restaurant to serve persons of all races, the arrested individuals sought to remove the state court prosecutions to federal court under 28 U.S.C. § 1443(1).  The Supreme Court held that the removal was proper after determining that "the phrase 'any law providing for . . . equal civil rights' must be construed to

-4-

mean any law providing for specific civil rights stated in terms of racial equality." <u>Id.</u> at 1790. The Court concluded that the statute invoked by the removing defendants, the Civil Rights Act of 1964, was a statute providing for equal civil rights. <u>Id.</u> The Court then addressed the second statutory requirement -- that the state court defendant be "denied or cannot enforce" his or her rights in state court. <u>Id.</u> at 1791. The Court observed that in order to sustain pretrial removal, the denial of rights had traditionally been required to be so manifest in a formal expression of state law that "it could be taken as suitable indication that all courts in that State would disregard the federal right of equality with which the state enactment was precisely in conflict." <u>Id.</u> at 1796. The Court explained, however, that given the particular circumstances of that case, a firm prediction that the defendants would be denied federal rights in the state court could be made even absent a discriminatory state statute. <u>Id.</u> at 1796-1797.

In <u>Peacock</u>, 86 S.Ct. at 1800, a case decided the same day as <u>Rachel</u>, the Court emphasized the limited nature of removal under 28 U.S.C. § 1443 by holding that the removing defendants failed to demonstrate "a firm prediction" that they would be denied federal rights in the state court. <u>Id.</u> at 1814-1816. In <u>Peacock</u> the defendants alleged that they were being prosecuted for obstructing public streets, assault and battery, and various other local

-5-

crimes.  Id. 86 S.Ct. at 1804 & n.5.  They also alleged that they were arrested solely because of their race or because they were helping African-Americans assert their rights under various civil rights laws, that they were completely innocent of the charges brought against them, and that they would be unable to obtain a fair trial in state court.  Id. at 1805 & n.6.  The Court held that such allegations were insufficient to support removal under § 1443 because the defendants could not point to any federal law that conferred on them the right to engage in the conduct with which they were charged, and because there was no federal law that conferred immunity from state prosecution on such charges.  Id. at 1812.  See also Johnson, 95 S.Ct. at 1591 (holding that removal was not appropriate under § 1443 where defendants alleged only that the statutes underlying the charges brought against them in state court were unconstitutional; that there was no basis in fact for the charges; and that their arrest and prosecution otherwise denied them their constitutional rights).

In Johnson, 95 S.Ct. 1591, the Supreme Court made clear that a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specific federal rights "in the courts of (the) State."  This

provision normally requires that the "denial be manifest
in a formal expression of state law," . . . such as a
state legislative or constitutional provision, "rather
than a denial first made manifest at the trial of the
case." . . . Except in the unusual case where "an
equivalent basis could be shown for an equally firm
prediction that the defendant would be 'denied or cannot
enforce' the specified federal rights in the state
court," . . . it was to be expected that the protection
of federal constitutional or statutory rights could be
effected in the pending state proceedings, civil or
criminal. Under § 1443(1), "the vindication of the
defendant's federal rights is left to the state courts
except in the rare situations where it can be clearly
predicted by reason of the operation of a pervasive and
explicit state or federal law that those rights will
inevitably be denied by the very act of bringing the
defendant to trial in the state court.

Id. at 1595 (quoting Rachel, 86 S.Ct. at 1790, 1794, and 1796, and

Peacock, 86 S.Ct. at 1811-1812) (citations omitted). Failure to

satisfy either prong of the test is fatal to removal.

### III.  Analysis

In their Notice of Removal defendants assert that they

are Hispanic. Based on the Defendants' race and national
origin, Counter-Defendant David & Taylor Custom Pools and
James Mason intended to not honor and underpay the
contracts for services provided by Solomon and Margaret
Herrera d/b/a Herrera Construction. Consequently,
Solomon and Margaret Herrera d/b/a Herrera Construction
have suffered damages. The Plaintiffs['] claims and the
other counterclaims are subject to removal as they are
all related and intertwined with the Section 1981 cause
of action.[3]

The issues to be analyzed are (1) whether the rights allegedly

denied defendants arise under federal law providing for "specific

_____

[3]Defendants' Notice of Removal, Docket Entry No. 1, p. 1.

civil rights stated in terms of racial equality;" and (2) whether the defendants are "denied or cannot enforce the specified federal rights in the state court."   <u>Id.</u>

**A.   Does the Right Allegedly Denied the Defendants Arise Under a Federal Law "[P]roviding for [S]pecific [C]ivil [R]ights [S]tated in [T]erms of [R]acial [E]quality"?**

Under the first prong of the two-part test articulated in <u>Rachel</u> and reaffirmed in <u>Johnson</u>, defendants must show that the rights that defendants have allegedly been denied arise under federal law providing for "specific civil rights stated in terms of racial equality."   <u>Id.</u>  Defendants allege that based on their "race and national origin, Counter-Defendant David & Taylor Custom Pools and James Mason intended to not honor and underpay the contracts for services provided by Solomon and Margaret Herrera d/b/a Herrera Construction."[4]  Defendants base their right to remove on 42 U.S.C. § 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of all persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

In <u>Peacock</u> the Supreme Court recognized that 42 U.S.C. § 1981 qualifies under § 1443(1) as a law providing specific civil rights

---

[4]<u>Id.</u>

-8-

stated in terms of racial equality.  86 S.Ct. at 1811.  Assuming without deciding that defendants' contention is that plaintiffs filed suit against them in state court for the purpose of discriminating against them on the basis of their race in violation of civil rights guaranteed by 42 U.S.C. § 1981, the court concludes that defendants' reliance on 42 U.S.C. § 1981 is sufficient to satisfy the first prong of the two-part test articulated by the Supreme Court in Rachel.  See Alabama v. Conley, 245 F.3d 1292, 1296 (11th Cir. 2001) (recognizing that § 1981 qualifies under § 1443(1) as a law providing specific civil rights stated in terms of racial equality for purposes of removal under § 1443(1)).  See also Oden v. Oktibbeha County, Miss., 245 F.3d 458, 463 (5th Cir.), cert. denied, 122 S.Ct. 341 and 342 (2001) (recognizing that § 1981(c) codified the Supreme Court's decision in Runyon v. McCrary, 96 S.Ct. 2586 (1976), that 42 U.S.C. § 1981 implies a right of action based on racial discrimination against private actors).[5]

**B.   Does It Appear that Defendants Are "[D]enied or [C]annot [E]nforce" Their Federal Rights in State Court?**

Under the second prong of the Rachel test, defendants must show that "it can be predicted by reason of the operation of a

---

[5]Section 1981 was amended in 1991 to read "[the] rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."  42 U.S.C. § 1981(c).

pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing defendant to trial in the state court." Johnson, 95 S.Ct. at 1595-1596 (quoting Peacock, 86 S.Ct. at 1812). This prong of the § 1443 analysis "normally requires that the 'denial [of federally guaranteed right] be manifest in a formal expression of state law' . . . such as a state legislative or constitutional provision, 'rather than denial first made manifest in the trial of the case.'" Johnson, 95 S.Ct. at 1595 (quoting Rachel, 86 S.Ct. at 1796 and 1794).

The Supreme Court has cautioned that the requirement that the denial of federal rights in state court be manifest in a formal expression of state law serves two purposes: (1) it ensures that removal is available only in cases where the predicted denial appears with relative clarity prior to trial; and (2) it ensures that the task of prediction does not involve a detailed analysis by a federal judge of the likely disposition of particular federal claims by particular state courts, a task that would involve "federal judges in the unseemly process of prejudging their brethren of the state courts." Rachel, 86 S.Ct. at 1796. In Rachel, however, the Supreme Court recognized that in unusual cases, a firm prediction can be made that the defendants will be denied federal rights in state court even absent a discriminatory state statute. 86 S.Ct. at 1796-1797.

-10-

Defendants do not point to any Texas law that might preclude them from enforcing federal rights guaranteed by 42 U.S.C. § 1981 in state court and do not assert that this is an unusual case in which the laws of Texas will operate to deny them these federal rights.  Instead, defendants assert only that based on the lack of a state law counterpart to 42 U.S.C. § 1981 they will not be able to enforce their rights in state court.[6]  Absent reference to any state law that will deny them their federally protected rights, or to any reason why the court should conclude that removal might be justified, even in the absence of a discriminatory state enactment, because a firm prediction can be made that the defendants will be denied federal rights in state court even absent a discriminatory state statute, <u>see</u> <u>Rachel</u>, 86 S.Ct. at 1796-1797, defendants' allegations are insufficient to meet the standards articulated by the Supreme Court in <u>Rachel</u>, <u>Peacock</u>, and <u>Johnson</u>.

In light of the Supreme Court's decisions in <u>Rachel</u>, <u>Peacock</u>, and <u>Johnson</u>, it is apparent that defendants have failed to meet their burden of establishing that the requirements for removal under § 1443(1) have been satisfied.  <u>See</u> <u>De Aguilar</u>, 47 F.3d at

---

[6]Defendants' Notice of Removal, Docket Entry No. 1, p. 2. Defendants' counsel restated this reason for the removal at the scheduling conference held in open court on February 17, 2006.  <u>See</u> <u>Johnson v. Texas Commerce Bank National Association</u>, 835 S.W.2d 755 (Tex. App. -- Houston [1st Dist.] 1992), <u>writ denied</u> (state court action in which plaintiffs asserted race discrimination claim under 42 U.S.C. § 1981).

1408 ("The removing party bears the burden of establishing that
federal jurisdiction exists"). While defendants appear to complain
that plaintiffs have abused the state court process by filing
claims against them, this is not the equivalent of showing that
defendants will be denied their civil rights by the state court
itself. Defendants have not alleged that they will be denied their
civil rights merely by being subject to suit in state court.
Moreover, even assuming that plaintiffs brought these claims
against defendants solely because of their race, that is still not
enough to support removal. As the Supreme Court explained in
Peacock:

> It is not enough to support removal under § 1443(1) to
> allege or show that the defendant's federal equal civil
> rights have been illegally and corruptly denied by [the
> opposing party] in advance of trial, that the charges
> against the defendant are false, or that the defendant is
> unable to obtain a fair trial in a particular state
> court. The motives of the [opposing party] bringing the
> charges may be corrupt, but that does not show that the
> state trial court will find the defendant guilty if he is
> innocent, or that in any other manner the defendant will
> be 'denied or cannot enforce in the courts' of the State
> any right under a federal law providing for equal civil
> rights.

Id. at 1812. Stated another way, defendants have no federally
conferred immunity from having to defend the claims that plaintiffs
have brought against them in state court and the civil rights
statute upon which they rely does not confer upon them the right to
engage in the specific conduct of which plaintiffs accuse them
(i.e., slander, tortious interference with contract, breach of

-12-

contract, assault, and fraud). See id. Since defendants have failed to show that there is anything about the very act of being brought to trial in the state court that will inevitably deny them their civil rights, they have failed to show either that removal is proper or that this court has jurisdiction over this action.

## IV. Conclusions and Order of Remand

For the reasons stated above, the court concludes that it lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to the 221st Judicial District Court of Montgomery County, Texas. The Clerk will provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Montgomery County, Texas.

**SIGNED** at Houston, Texas, on this 22nd day of February, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-13-